Ted Luymes (Cal. Bar no. 150351)
TED LUYMES LAW FIRM
140 South Lake Ave., Suite 349
Pasadena, California 91101
Tel: (626) 993-7000
ted@tedlawfirm.com

Attorney for BARNEY'S INC and
*Specially Appearing* Defendant,
FACETASM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT GRIMMELBEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FACETASM, a Japanese corporation; BARNEYS, INC. a New York corporation, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:17-cv-07342-FMO-AFMx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION FRCP 12(b)(2);**<br><br>**Declarations of Hiromichi Ochiai and Andrew Caldwell filed herewith**<br><br>**[Filed concurrently with Motion to Quash Service & Dismiss for Insuff. Service of Process FRCP 12(b)(5)]**<br><br>Date: April 19, 2018<br>Time: 10:00 am<br>Courtroom: 6D |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 19, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard by Hon. Fernando M. Olguin, United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012,

MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

specially appearing Defendant, FACETASM ("Facetasm" or "Defendant"), will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(2) for an order dismissing Facetasm from this action on the ground no constitutional basis for jurisdiction exists between this specially appearing defendant and the State of California.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declarations of Hiromichi Ochiai and Andrew Caldwell filed and served herewith, and upon the records and pleadings on file herein.

## RULE 7-3 CONFERENCE OF COUNSEL

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 27, 2018. The meeting was held in-person at the office of plaintiff's counsel.

DATED: March 9, 2018                        TED LUYMES LAW FIRM

By:  /s/ *TED H. LUYMES*
      Ted H. Luymes

Attorney for Specially Appearing Defendant, FACETASM

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

Specially appearing defendant, Facetasm, is a Japanese corporation with no ties to the United States. It has been sued in California for copyright infringement for conduct that occurred in Japan.

The complaint alleges that Facetasm - a Japanese high fashion label - misappropriated plaintiff's "Maryland Eagle" tattoo art by copying the design on some of its garments. There is no basis for a court in California to exercise jurisdiction over Facetasm, which has no presence here and no "minimum contacts" for the reasonable exercise of jurisdiction. Facetasm has never availed itself of the protections of U.S. or California law.

Further, there is no basis for specific jurisdiction, as Facetasm never marketed the Maryland Eagle garments in the U.S., had no sales in California, and the garments were never displayed here. All of the predicate acts of alleged infringement took place in Japan – where U.S. copyright law does not apply.

Plaintiff cannot meet its burden of proving that jurisdiction over Facetasm is constitutional. It would be unfair and burdensome to require Facetasm to defend itself here. Facetasm should be dismissed.

**2. STATEMENT OF FACTS**

The following facts are set forth in the accompanying Declarations of Hiromichi Ochiai, the CEO of Facetasm and its principal fashion designer.

-1-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

Facetasm is a corporation created by and existing under the laws of Japan. Its headquarters has always been located in Tokyo. All of Facetasm's shareholders, officers, and employees are Japanese citizens and reside in Japan. Facetasm is not a subsidiary of, or related to, any U.S. entity. (Ochiai Decl. ¶ 2.)

Facetasm has never maintained offices, stores, or had employees within the U.S. Facetasm has never had or applied for any business licenses in the U.S. It has never had an agent for service of process in the U.S. It has never owned or leased real property in the U.S. (Ochiai Decl. ¶ 3.)

Other than this lawsuit, Facetasm has never sued or been sued anywhere in the U.S. and does not maintain U.S. insurance. Facetasm has never availed itself of the courts or laws of California in any way. It does not pay taxes to or receive benefits from any U.S. or state government. Facetasm has never had a bank account within the U.S. and has never had a U.S. telephone number. (Ochiai Decl. ¶ 4.)

Facetasm has never directed any marketing to the U.S. or California. It does not advertise in the U.S. or California. Facetasm operates an official website - *facetasm.jp* - which is hosted in Japan. The contents of the website are mainly photographic. One part of the website is an e-store, whereby customers can purchase garments directly from the company. However, the prices are in Japanese Yen and Facetasm cannot make foreign sales from the website. The

-2-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

terms and conditions of sale are in the Japanese language. No sales were ever made to the U.S. from the website. (Ochiai Decl. ¶ 5.)

Facetasm has a presence on social media, including Facebook, Twitter, and Instagram. It does not make sales from social media platforms. Most of its social media content is either photographic or is written in the Japanese language mixing-in English words and phrases. There has never been any effort to direct Facetasm's online or social media advertising to the U.S. market or California. (Ochiai Decl. ¶ 6.)

As a fashion label, Facetasm participated in a single trade show in New York City in February 2016. The Maryland Eagle design was not used or displayed by Facetasm at that trade show. Other than the one tradeshow in New York City, Facetasm has never participated in any fashion shows, trade shows, or similar events within the U.S. (Ochiai Decl. ¶ 7.)

Facetasm has never made any direct sales of its garments to U.S. customers, retailers, distributors, or wholesalers. However, its international distributor, TOMORROW Ltd., wholesaled a small number of Facetasm label garments to Barney's NY in New York City. (Ochiai Decl. ¶ 8; Andrew Caldwell Decl. ¶ 2.) The order included eight (8) garments bearing the Maryland Eagle design. Barney's NY sold only three (3) garments in the U.S. – none in California. The remaining garments were returned to the vendor. (Caldwell Decl. ¶ 2.)

/ / /

-3-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

Mr. Ochiai first saw the Maryland Eagle design in a photo book he bought in Tokyo. He liked the artwork and had it traced by an embroidery company in Tokyo. The embroidery and appliques of the design were used on some of Facetasm's clothing. All of Facetasm's garments are designed, sewn, and assembled in Japan. No Facetasm garments bearing the Maryland Eagle were ever displayed in California, marketed specifically to California residents, or sold to anyone within California. (Ochiai Decl. ¶ 9.)

It would impose a substantial burden on Facetasm to have to defend itself in California. The witnesses for Facetasm all reside and work in Japan. Most of Facetasm's witnesses do not speak English or have a limited understanding of the English language. Facetasm's communications and other records are in Japanese. Facetasm's employees have no knowledge of U.S. laws or court proceedings. It would be extremely expensive and time-consuming to have to defend a lawsuit in California. (Ochiai Decl. ¶ 10.)

### 3. ARGUMENT

Plaintiff bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists over a non-resident defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir 2004). The "'unique burdens' placed on a foreign national defending itself locally 'should have significant weight' in assessing the 'reasonableness' of a local court's exercise of

-4-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

jurisdiction." *Asahi Metal Industry Co., Ltd. vs Sup. Ct. of Calif*, 480 US 102, 114, 017 S.Ct. 1026, 1033 (1987).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). California's long-arm statute authorizes courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California. Cal. Code of Civil Pro. § 410.10. A non-resident defendant must have sufficient "minimum contacts" with the forum state, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

The two recognized bases for personal jurisdiction are (1) "general jurisdiction" which arises when the non-resident defendant's contacts with the forum state are "so pervasive as to justify the exercise of jurisdiction over the person in all matters," and (2) "specific jurisdiction" which arises out of the defendant's contacts with the forum giving rise to the subject litigation. *Ziller Electronics Lab GmbH v. Superior Court*, Cal.App. 3d 1222, 1232 (1988). See also, *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872 (1984).

/ / /

/ / /

-5-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

### A. There Is No Basis to Assert "General" Jurisdiction.

To establish general jurisdiction, the defendant must have "substantial" or "continuous and systematic" contacts with California. Facetasm does not have sufficient contacts with, or activity in, California to be subject to this court's general jurisdiction. Mr. Ochiai's declaration need not be repeated here to propose the obvious: Facetasm has *no* contacts with California and has had almost no contact with any state in the U.S. (Ochiai Decl. ¶¶ 2-7.) Plaintiff's general jurisdiction claim is unavailing.

### B. There Is No Basis to Assert "Specific" Jurisdiction.

Whether "specific jurisdiction" will lie turns on the nature and quality of the defendant's contacts in relation to the cause of action. As the *Ziller* court stated, to be subject to the specific jurisdiction of the forum, the defendant must purposefully avail himself of forum benefits and the controversy must relate to or "arise out of" the defendants' contacts with the forum:

> "[S]pecific jurisdiction is determined under a three-part test.
>
> '(1) the non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one that arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction

-6-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

must be reasonable.' *Panavision Intl. L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998) [applying California law].

This case did not arise out of any conduct that occurred within the State of California. As explained by Facetasm's principal designer, Mr. Ochiai saw the Maryland Eagle design in a photo book he bought in Tokyo. He liked the artwork and had it traced by an embroidery company in Tokyo. The embroidery and appliques of the design were used on some of Facetasm's clothing - all of which were designed, sewn, and assembled in Japan. (Ochiai Decl. ¶ 9.)

The alleged "predicate acts" of infringement occurred in Japan – not California. That fact alone undermines the very basis for this lawsuit, as U.S. copyright law does not apply in foreign countries. See, *Kirtsaeng v. John Wiley & Sons, Inc.,* 568 U.S. 519, 133 S.Ct. 1351, 1376 (2016) and *LA News Serv. v. Reuters Television Int'l, Ltd*, 149 F.3d 987, 992 (9th Cir 1998).

Likewise, Facetasm did not engage in any conduct "directed to" California and has never availed itself of the privilege of doing business here. The complaint states nothing but the barest, conclusory allegations about personal jurisdiction:

"Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are

-7-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district." (Complaint ¶ 3.)

No garments bearing the Maryland Eagle were *ever* displayed in California, marketed specifically to California residents, or sold to anyone in California. (Ochiai Decl. ¶ 10.) Facetasm's website cannot make sales to California. There was never an advertising campaign, social media campaign, or anything similar directed to California (for the Maryland Eagle garments or any others). (Ochiai Decl. ¶¶ 5-8.)

Defendant, Barney's NY, bought a total of eight (8) Maryland Eagle garments through a third-party distributor (not from Facetasm). Just three (3) garments were sold – none in California or to a California resident. (Caldwell Decl. ¶ 2.)

The conclusory allegations in the Complaint are not based in fact. Even if there were some basis to assert jurisdiction, it would be patently unfair to compel Facetasm to defend itself here.

### C. It Is Unreasonable to Require Facetasm to Defend Itself in California.

Beyond the issues of "general" and "specific" jurisdiction is the question of fairness. Having to defend this lawsuit will impose a substantial

-8-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION

burden on Facetasm, whose witnesses all reside and work in Japan. Most of Facetasm's witnesses do not speak English or have a limited understanding of the English language. Facetasm's communications and other records are in Japanese. Facetasm's employees have no knowledge of U.S. laws or court proceedings – let alone U.S. copyright law that does not apply in Japan. (See, Ochiai Decl. ¶ 10).

It would be unduly expensive, time-consuming, and burdensome for Facetasm to have to defend a lawsuit in California. This, alone, calls for restraint in the court's exercise of jurisdiction.

## 4. CONCLUSION

Facetasm is a Japanese corporation with no connections to California or, for that matter, the U.S. None of the alleged wrongful conduct occurred in California. No sales of the allegedly infringing garments were made here. Facetasm did not direct any advertising of marketing campaigns to California. There is no constitutional basis to exercise jurisdiction over Facetasm and this motion should be granted.

DATED: March 9, 2018                     TED LUYMES LAW FIRM

                                         By:   /s/ *TED H. LUYMES*
                                             Ted H. Luymes
                                             Attorney for Specially Appearing
                                             Defendant, FACETASM

-9-
MOTION TO DISMISS FACETASM FOR LACK OF PERSONAL JURISDICTION